UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE

$82,540.00 in U.S. Currency and
Assorted Electronic Devices

Misc. No.: 21-51631

**Stipulation and Order Extending United States' Time to File
Forfeiture Complaint and to Toll the Civil Filing Deadline**

It is hereby stipulated by and between the United States of America, by and through its undersigned attorneys, and Alexander B. Bally, by and through his attorney, Marc R. Lakin, as follows:

1. On August 6, 2020, Homeland Security Investigations ("HSI") seized the following property:

   - $82,540.00 in U.S. Currency; and
   - Assorted Electronic Devices

(collectively referred to herein as the "Property").

2. The Parties acknowledge and stipulate that HSI provided notice as required by 18 U.S.C. § 983(a)(1)(A) of the seizure and its intent to administratively forfeit the Property to all known interested parties, including to Alexander B. Bally.

3. Alexander B. Bally filed a claim in the administrative forfeiture

proceeding with HSI regarding the Property. No other person has filed a claim to the Property in the administrative forfeiture proceeding.

4. HSI referred the administrative claim to the United States Attorney's Office for civil judicial forfeiture proceedings.

5. Pursuant to 18 U.S.C. § 983(a)(3)(A) and (B), within 90 days after a claim has been filed in an administrative forfeiture proceeding, the United States is required to do one of the following:

(a) file a complaint for forfeiture against the claimed property,

(b) return the claimed property, or

(c) include the claimed property for forfeiture in a criminal action,

in order for the United States to take further action to effect the civil forfeiture of the claimed property in connection with the underlying offense, unless the court extends the deadline for good cause shown or by agreement of the parties. In this case, the 90-day deadline would be **January 3, 2022**.

6. As provided in 18 U.S.C. § 983(a)(3)(A), the parties wish by agreement to extend the 90-day deadline set forth in 18 U.S.C. § 983(a)(3)(A) and (B), and to toll the deadline, in order for the parties to have a reasonable and sufficient period in which to evaluate their respective interests in and positions regarding the Property.

7. Alexander B. Bally knowingly, intelligently, and voluntarily give up

any rights he may have under 18 U.S.C. § 983(a)(3)(A) and (B) to require the United States to file a complaint for forfeiture against the Property, to return the Property, and/or to include the Property for forfeiture in a criminal action by **January 3, 2022**.

8. The parties agree that the deadline by which the United States shall be required to file a complaint for forfeiture against the Property, to return the Property, and/or to include the Property for forfeiture in a criminal action to toll the civil filing deadline shall be extended **120 days** from **January 3, 2022** to and including **May 3, 2022**.

9. Alexander B. Bally waives all constitutional and statutory challenges related to the foregoing extension and give up any rights he may have to seek dismissal of any civil forfeiture complaint and/or any criminal forfeiture allegation in a criminal action on the ground that forfeiture proceedings were not timely commenced. Alexander B. Bally further waives and agrees to the tolling of any rule or provision of law limiting the time for commencing, or providing notice of, forfeiture proceedings with respect to the Property, including, but not limited to, the limitations contained in 18 U.S.C. § 983 and 19 U.S.C. § 1621.

10. Alexander B. Bally agrees that until the United States files a complaint for forfeiture against the Property and/or alleges forfeiture of the

Property in a criminal action, or until **May 3, 2022**, whichever occurs first, the Property shall remain in the custody of the United States and Alexander B. Bally shall not seek its return for any reason in any manner.

11. By signing below, Marc R. Lakin declares that prior to signing this Stipulation, he provided a copy of it to Alexander B. Bally, reviewed it with Alexander B. Bally, consulted with Alexander B. Bally regarding its contents, answered any questions Alexander B. Bally had about it, determined that Alexander B. Bally understands its terms and is aware of his rights in this matter, and Alexander B. Bally authorized Marc R. Lakin to sign this Stipulation.

12. By their signatures below, the Parties agree to all of the terms and conditions stated herein.

Approved as to form and substance:

Saima S. Mohsin
Acting United States Attorney

S/Adriana Dydell
Adriana Dydell (CA 239516)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9125
Adriana.Dydell@usdoj.gov

Dated: December 28, 2021

S/ Marc R. Lakin
Marc R. Lakin
Attorney for Alexander B. Bally
Lakin Law, PLLC.
283 East Frank St.
Birmingham, MI 48009
(248) 723-1199
Marclakin@mac.com

Dated:  December 28, 2021

**IT IS SO ORDERED.**

Date: December 28, 2021     s/Gershwin A. Drain  
                            UNITED STATES DISTRICT JUDGE